IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIRGINIA MACHADO,

           Plaintiff,

v.                                                          Case No. 17-1080-JTM

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

           Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Virginia Machado appeals an Administrative Law Judge's (ALJ's) denial of her application for disability insurance benefits and supplemental security income under the Social Security Act. The ALJ determined that plaintiff was not disabled within the meaning of the Act because she retained the Residual Functional Capacity (RFC) to perform certain sedentary jobs. Plaintiff contends the ALJ erred by failing to properly assess the opinion of psychologist Molly Allen in determining the RFC. The court agrees and, for the following reasons, remands for further proceedings.

**I. Standards of Review**

The court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). A decision is based on substantial evidence where it is supported by "relevant evidence ... a

reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The Commissioner's decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

In considering an application for disability insurance benefits, the Commissioner uses a five-step sequential evaluation process. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. 20 C.F.R. § 416.920(a)(4)(i-iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the claimant successfully meets that burden, the burden of proof shifts to the Commissioner at step five to show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(v); *Grogan*, 399 F.3d at 1261. *See Montano v. Berryhill*, No. CV 16-839 KK, 2017 WL 5468672, at *2 (D.N.M. Nov. 14, 2017).

The RFC is the most a claimant can do in a work setting despite her limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ must determine the RFC based on all of the relevant medical and other evidence. *Watts v. Berryhill*, ___ F.App'x ___, 2017 WL 4862424, *2 (10th Cir. Oct. 27, 2017) (citing 20 C.F.R. § 404.1545(a)(3)).

When evaluating the opinion of any medical source, the ALJ must consider:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon

which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Kellams v. Berryhill*, 696 F. App'x 909, 917 (10th Cir. 2017) (citing *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); 20 C.F.R. §§ 404.1527(c), 416.927(c)). If an ALJ rejects an opinion, he must "provide specific, legitimate reasons for rejecting it." *Kellams*, 696 F.App'x at 917. When the RFC conflicts with a medical opinion, the ALJ is obligated to explain why the opinion was not adopted. *Kelly v. Berryhill*, No. 17-1002-EFM, 2017 WL 6557422, * (D. Kan. Dec. 22, 2017).

## II. Discussion

A consulting psychologist, Molly Allen, Psy.D., gave plaintiff a mental status exam and diagnosed post-traumatic stress disorder. (Dkt. 13 at 530). In addressing the plaintiff's ability to sustain work-related skills, Dr. Allen opined that plaintiff can "understand, carry out, and remember simple instructions; work at a reasonable pace, make simple work task decisions, handle expectable pressures in a work setting, and manage finances," but "[o]ne of her weaknesses may be difficulty with responding appropriately to supervision and coworkers, as she is probably prone towards trying to get others to over function for her." *Id.*

The ALJ briefly addressed Dr. Allen's report in his opinion, noting plaintiff's overall test result "was largely within normal limits" and that Allen estimated plaintiff's intellectual functioning to be within the average range. The ALJ's opinion did not assign any particular weight to Dr. Allen's opinion or mention her suggested limitation on interaction with supervisors.

3

The ALJ's order reviewed the opinion of consulting state agency psychological consultant Charles Fantz, PhD, who completed a mental RFC assessment based upon a review of plaintiff's records. Among other things, Dr. Fantz opined that plaintiff was "moderately limited" on interacting appropriately with the general public and with coworkers or peers, but was "not significantly limited" in her ability to accept instructions and respond appropriately to criticism from supervisors. (Dkt. 13 at 172). Fantz indicated he gave "great weight" to Dr. Allen's opinion because it was "consistent with the claimant's history as well as with other evidence in the file." (*Id*. at 173). Fantz did not explain why he rated plaintiff as moderately limited with respect to coworkers but not significantly limited in responding appropriately to criticism from supervisors. The ALJ in turn said he gave "substantial weight" to Dr. Fantz's opinion "that the claimant can perform simple, unskilled, work in an environment with low social demands." (*Id*. at 27). He found Fantz's opinion was "well-explained, well-supported by the evidence, and consistent with the record as a whole, including Dr. Allen's findings, and the claimant's mental health treatment records." (*Id*.). The RFC determined by the ALJ included a limitation to unskilled work "that involves no more than occasional interaction with co-workers and members of the general public." (Dkt. 13 at 25).

As plaintiff points out, there is at least an apparent discrepancy between Dr. Fantz's opinion that plaintiff has no significant limitation on responding appropriately to criticism from supervisors and Dr. Allen's opinion that plaintiff may have "difficulty with responding appropriately to supervision …." The ALJ did not recognize or

address this discrepancy. To the contrary, the ALJ stated that Fantz's opinion was consistent with Dr. Allen's findings. But the two opinions do not appear to be consistent on interaction with supervisors. Moreover, the ALJ did not address Allen's opinion under the regulatory factors or indicate the weight he gave to her opinion. The RFC itself contained no reference to supervision and stated only that plaintiff should have no more than occasional interaction "with co-workers and members of the general public." (Dkt. 13 at 25).

The ALJ's failure to address Dr. Allen's suggested limitation on the ability to respond appropriately to supervisors requires a remand. The Commissioner concedes the ALJ did not state what weight he gave to Dr. Allen's opinion, but argues this was harmless error because "it was reasonable for the ALJ to rely on the opinion of Drs. Cohen and Fantz … in determining how Dr. Allen's opinion actually translated into specific mental work-related limitations." (Dkt. 15 at 6-7). The court rejects this argument for two reasons. As an initial matter, the court finds no reference by the ALJ to the opinion of Dr. Cohen. Dr. Cohen's opinion clearly cannot support the determination when the ALJ made no reference to it and offered no reason for accepting it. *See Lopez v. Colvin*, 642 F.App'x 826, 832 (10th Cir. 2016) (ALJ could assign great weight to one medical opinion but still had to address other opinions and offer legally sufficient reason for adopting one over the other); 20 C.F.R. § 404.1527 ("Regardless of its source, we will evaluate every medical opinion we receive."). Additionally, there is still an apparent discrepancy between the opinions of Drs. Cohen and Fantz on the one hand, and that of Dr. Allen on the other, concerning plaintiff's ability to respond to

5

supervision.[1] The ALJ did not address or resolve that discrepancy, and no showing is made that the error was harmless.[2] The matter must accordingly be remanded for a determination of plaintiff's RFC based upon all of the evidence. *See Trujillo v. Colvin*, 626 F.App'x 749, 752 (10th Cir. 2015) (failure to adequately consider limitation suggested by one doctor was not harmless and required remand; "we do not know what the [ALJ] would have decided if he had actually evaluated [the doctor's ] opinion."). *See also Bennett v. Berryhill*, No. 1:16-CV-00399-LF, 2017 WL 5612154, at *8 (D.N.M. Nov. 21, 2017) (remand required where ALJ limited plaintiff's ability to interact with coworkers and the public but failed to address plaintiff's ability to interact with supervisors, despite some evidence supporting such a limitation); *Christanelli v. Berryhill*, No. 16-CV-0291 SMV, 2017 WL 3701613, at *4 (D.N.M. Aug. 24, 2017) (remand required where ALJ failed to explain why she declined to incorporate a limitation on interaction with supervisors). In view of this finding, the court need not address plaintiff's claim that the ALJ did not perform a proper credibility analysis.

The court is remanding based on procedural errors, and nothing in this opinion is intended to suggest any particular outcome with respect to plaintiff's application. The

---

[1] Like Dr. Fantz, Dr. Cohen performed a consultative examination and said she gave great weight to Dr. Allen's opinions. Also like Dr. Fantz, Dr. Cohen opined that plaintiff was moderately limited in her ability to get along with coworkers but that she had no significant limitation on her ability to respond appropriately to criticisms of supervisors. (Dkt. 13 at 140). As indicated previously, Dr. Allen opined by contrast that plaintiff may have "difficulty with responding appropriately to supervision and coworkers…." (*Id*. at 530).

[2] The Commissioner argues in a footnote that the error was harmless because the vocational expert was asked about the effect of social limitations on the jobs identified, and she indicated the limitations would have minimal effect because these jobs "deal with things rather than people." (Dkt. 15 at 8, n. 2). The transcript of the hearing shows this response was premised on a hypothetical assuming limitations to occasional interaction "with coworkers and the public." (Dkt. 13 at 66). The expert was not asked about and did not offer testimony on the effect of a limitation on the ability to interact with supervisors.

matter is remanded only to assure that the correct legal standards are applied in reaching a decision on the claim.

**IT IS THEREFORE ORDERED** this 8th day of January, 2018, that the Commissioner's decision is REVERSED and the matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.


                           \_\_\_s/ J. Thomas Marten\_\_\_\_\_
                           J. THOMAS MARTEN, JUDGE